**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| INTEGRADORA DE SERVICIOS PETROLEROS ORO NEGRO, S.A.P.I. DE C.V. | Case No. 18-11095 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| PERFORADORA ORO NEGRO, S. DE R.L. DE C.V. | Case No. 18-11094 |
| Debtor in a Foreign Proceeding. | |

**ORDER APPROVING MOTION OF FOREIGN REPRESENTATIVE FOR (I) PROVISIONAL RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 1519(a) AND 362(a) AND ADDITIONAL RELIEF PURSUANT TO BANKRUPTCY CODE SECTION 1521; AND (II) LEAVE TO CONDUCT DISCOVERY PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 1521(a)(4) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

This matter having come before the Court on the motion (the "Motion")[1] of Alonso Del Val-Echeverria ("Del Val" or "Petitioner"), in his capacity as Foreign Representative (the "Foreign Representative") of both Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Integradora Oro Negro") and Perforadora Oro Negro, S. de R.L. de C.V. ("Perforadora Oro Negro" and, together with Integradora Oro Negro, the "Debtors"), for entry of an order (1) granting immediate provisional relief pursuant to sections 1519(a) and 362(a) of title 11, United States Code (the "Bankruptcy Code") or, in the event the *Concurso Mercantil* (as defined below)

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Motion.

is recognized as a foreign nonmain proceeding pursuant to Bankruptcy Code section 1502(5), continuing the provisional stay indefinitely pursuant to sections 1521(a)(1) and 1521(a)(6) of the Bankruptcy Code; and (2) leave to conduct discovery prior to recognition pursuant to sections 105(a), 1521(a)(4) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), authorizing the Foreign Representative to obtain discovery from the parties identified in Schedule 1, including (a) propounding requests for production of documents, communications and things substantially in the form annexed to the Motion as Appendix 1 (the "Requests for Production"); and (b) taking deposition testimony of representatives of each of the parties identified in Schedule 1 who are most knowledgeable about the topics in the Requests for Production; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and upon the Court's review and consideration of the Motion, the documents filed therewith and incorporated therein by reference, and the arguments in support thereof; and due and proper notice of the Motion having been given, the Court hereby concludes that:

1. The Foreign Representative has demonstrated that:

    (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

    (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

    (c) venue is properly located in this District pursuant to 28 U.S.C. § 1410.

2. The Foreign Representative has demonstrated that the provisional relief requested in the Motion is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1519 and 1521 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2004, and that absent such relief, there is a danger that the Debtors will suffer irreparable harm; and

3. The interest of the public will be served by this Court's granting the relief requested by the Foreign Representative.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that pursuant to Bankruptcy Code section 1519(a)(1), Bankruptcy Code section 362(a) shall provisionally apply from the date hereof through the date of hearing on the Foreign Representative's motion seeking entry of an order recognizing the *Concurso Mercantil* as a foreign main proceeding pursuant to Bankruptcy Code section 1502(4), subject to any exceptions to the automatic stay provided for in Bankruptcy Code section 1519; and it is further

ORDERED that the Foreign Representative is authorized and empowered to take any and all actions necessary to implement the terms of this Order; and it is further

ORDERED, that a final hearing on the relief requested in the Motion shall be held on _____, 2018, at _____ am/pm; <u>provided</u> <u>that</u> in the event no objection(s) to the Motion have been filed on or before 4 pm on _____, 2018, the Court may continue the relief granted in this Order; and it is further

ORDERED that this Order shall be effective immediately upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in this chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED that the Foreign Representative is hereby authorized to take discovery pursuant to section 1521(a)(4) and Rule 2004 from the parties identified on Schedule 1 to the Motion, including (1) propounding subpoenas or requests for production of documents,

3

communications and things, as applicable, substantially in the form annexed to the Motion as Appendix 1 (the "Requests for Production"); and (2) taking deposition testimony of representatives of each of the parties identified in Schedule 1 who are most knowledgeable about the topics in the Requests for Production; and it is further

ORDERED, that the Foreign Representative may serve subpoenas or deposition notices, as applicable (the "Deposition Notices"), after receiving responses to his Requests for Production; and it is further

ORDERED, that the Foreign Representative's authorization to take discovery shall remain in effect until such time as the Court may enter an order denying recognition of the *Concurso Mercantil* as being neither a foreign main proceeding nor a foreign nonmain proceeding; and it is further

ORDERED that each person served with the Requests for Production shall provide written responses and produce documents within fourteen (14) days of the date they are served with the Requests for Production to the attention of Scott C. Shelley of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, or at such other place and time as may be agreed upon by counsel for the Foreign Representative and the party served; and it is further

ORDERED that witnesses are directed to appear for a deposition within thirty (30) days of the date they are served with a Deposition Notice, absent agreement of the Foreign Representative or further order from the Court; and it is further

ORDERED that the Foreign Representative is authorized and empowered to take any and all actions necessary to implement the terms of this Order including, but not limited to, the

4

retention of foreign counsel and other professionals necessary to effectuate service of the Requests for Production and Deposition Notices; and it is further

ORDERED that this Order is without prejudice to the rights of the Foreign Representative to request additional discovery and/or examinations in connection with this matter, including, without limitation, requests based on any information that may be revealed as a result of the discovery authorized pursuant to this Order; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that the Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      April ____, 2018

                                    THE HONORABLE _____
                                    UNITED STATES BANKRUPTCY JUDGE